IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Rivera, | C/A No. 8:23-cv-4801-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Kenneth Nelson, | |
| Respondent. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 31.] For the reasons below, the court adopts the Report and dismisses the action for failure to prosecute.

Petitioner Kenneth Rivera, an inmate in the custody of the South Carolina Department of Corrections, filed this *pro se* action for federal habeas relief under 28 U.S.C. § 2254. [ECF No. 1.] On January 26, 2024, Respondent Warden Kenneth Nelson moved for summary judgment on Rivera's claims. [ECF Nos. 18–19.] The court thereafter entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Rivera that judgment could be entered against him if he failed to respond to Nelson's motion by February 29, 2024. [ECF No. 22.] Despite the court's specific warning, Rivera did not respond. United States Magistrate Judge Shiva V. Hodges thus issued an order advising Rivera that she would recommend dismissal of his action if he failed to respond by April 24, 2024.[1] [ECF No. 29.] Rivera again did not respond.

---

[1] Rivera's case was reassigned to Judge Marchant on April 10, 2024. [ECF No. 26.]

The Report accordingly recommends the court dismiss Rivera's action for failure to prosecute. [ECF No. 31 at 2–3 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) and Fed. R. Civ. P. 41(b)).] The magistrate judge advised Rivera of the procedures for objecting to the Report and of the consequences of failing to do so by May 14, 2024. [ECF No. 31-1.] Despite the court extending his filing deadline, Rivera did not timely object. [ECF No. 35.]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court must review *de novo* only the portions of the Report to which a party has specifically objected, and it may accept, reject, or modify the Report in whole or in part. *See* 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error. The Report, ECF No. 31, is therefore adopted in full and incorporated herein. This action is **DISMISSED** for lack of prosecution.

**IT IS SO ORDERED.**

June 26, 2024                                                Sherri A. Lydon
Columbia, South Carolina                          United States District Judge